UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

E. Neil Moore,

Plaintiff,

v.

Guidant Corporation and
Cardiac Pacemakers, Inc.,

Defendants.

Civil No. 01-368 ADM/AJB

ORDER

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court as amended, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and showing of good cause as required by Local Rule 16.3.

Claims Construction

1. On or before July 1, 2001, the plaintiff shall serve upon the defendant a "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of Patent No. 4,403,614 and Patent No. 4,375,817 he alleges are being infringed; (2) which specific products or methods of defendant he alleges literally infringe each claim (This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or by model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus, which when used, allegedly results in the practice of the claimed method or process.); and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff shall separately indicate this on his Claim Chart and, in addition to the information required for literal infringement, plaintiff shall also explain each of the functions, way and result that it contends are equivalent, and why he contends that any differences are not substantial.

FILED JUN 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

If certain claim language in the asserted claim(s) is written in means-plus-function format, plaintiff shall indicate what structure shall be imported into the claim(s) as a limitation pursuant to 35 U.S.C. section 112(6) and shall indicate where the specification and prosecution history support for said importation is found. If certain claim language uses the term "means," and plaintiff does not believe that the limitation invokes the restrictions of 35 U.S.C. section 112(6), plaintiff shall state precisely, for each such limitation, the reasons why the restrictions are not to be invoked. If certain claim language of the asserted claim(s) does not use the term "means," but the plaintiff nonetheless believes that the restrictions of 35 U.S.C. section 112(6) are invoked, plaintiff shall state precisely, for each such limitation, the reasons why the restrictions should be invoked.

2. On or before August 1, 2001, defendant shall serve upon plaintiff "Defendant's Claim Chart" that indicates with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, defendant will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, defendant shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

   As to those claim(s) written in means-plus-function format, defendant shall indicate on its chart its contentions concerning whether 35 U.S.C. section 112(6) applies and if the defendant's position is that the statute does not apply, its reasoning in taking said position.

3. On August 15, 2001, the parties shall simultaneously exchange a list of claim terms, phrases or clauses which that party contends should be construed by the Court and identify any claim element which that party contends should be covered by 35 U.S.C. section 112(6). The parties shall thereafter meet and confer for the purposes of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes. Each such "preliminary claim construction" shall also, for each element, which any party contends is governed by 35 U.S.C. section 112(6), identify the structures, acts, or materials corresponding to that element and shall further indicate where in the specification and prosecution history support for such importation is found.

4. At the same time the parties exchange their respective "preliminary claim constructions," they shall also provide a preliminary identification of

extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witness they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness's proposed testimony.

5. Following the parties meet and confer described above and no later than September 15, 2001, the parties shall complete and file with the Chambers of the Honorable Ann D. Montgomery, a joint claim construction statement which shall contain the following information:

a. The construction of those claim terms, phrases or clauses on which the parties agree;

b. Each party's proposed construction of each disputed claim term, phrase or clause, together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

c. The anticipated length of time necessary for the claim construction hearing;

d. Whether any party proposes to call one or more witnesses, including experts at the claim construction hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert. On or before November 1, 2001, each party may serve and file an opening brief. Each party shall serve and file responsive briefs by November 15, 2001.

6. On or before November 1, 2001, each party may serve and file an opening brief and any evidence supporting its claim construction. Each party may file and serve a responsive brief and supporting evidence on or before November 15, 2001.

Discovery

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before June 15, 2001.

2. Fact discovery shall be commenced in time to be completed by April 30, 2002.

3. No more than 50 interrogatories (counted in accordance with Fed.R.Civ.P. 33(a)) shall be served by any party.

4. No more than 10 factual depositions, excluding expert witness depositions, shall be taken by any party.

5. All discovery, including the completion of expert depositions shall be completed by August 15, 2002.

Experts

1. Each party may take no more than three expert depositions. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness shall be made as follows:

   a. To the extent not otherwise exchanged, the parties shall exchange all expert reports on or before June 1, 2002.

   b. The parties shall exchange rebuttal reports on or before July 1, 2002.

Non-Dispositive Motions

1. All motions which seek to amend the pleadings or add parties must be served and filed by September15, 2001.

2. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by the discovery deadline date, August 15, 2002

3. All non-dispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1, and 37.2.

Dispositive Motions

1. All dispositive motions shall be served on or before September 15, 2002.

2. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

Trial

This case shall be ready for a jury trial on December 15, 2002, or upon resolution of any pending dispositive motions. Estimated time for trial is 5 days.

Dated: 6/25/01

ARTHUR J. BOYLAN
United States Magistrate Judge