IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

E. NEIL MOORE,

PLAINTIFF,

V.

GUIDANT CORPORATION AND
CARDIAC PACEMAKERS, INC.,

DEFENDANTS.

CIVIL ACTION NO. 01-368 ADM/AJB

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the proceedings in this action may involve the production or disclosure of confidential, sensitive or proprietary business information and trade secrets as well as confidential personal information; and

WHEREAS, the parties are in agreement that the following Protective Order shall govern the production or disclosure of such business information during the course of this action in order to ensure the continued confidentiality of such information and to ensure that no competitive advantage is obtained by any person as a result of the disclosure thereof, upon the following conditions and safeguards;

NOW THEREFORE, upon the consent of the attorneys for the above-captioned parties, the parties stipulate as follows.

1. Nature Of Information Covered

FILED SEP 06 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

H: 443321(9$2H01!.DOC)

In connection with discovery proceedings in the above-captioned action any party may, prior to production, by written notice or by a statement on the record at a deposition, designate as confidential under the terms of this Stipulation and Protective Order ("Order") any non-public document, material or information for which the party has a reasonable basis for believing that the document, material or information is confidential or constitutes a trade secret. Such information shall not include information that at, or prior to, disclosure to the party receiving the information (the "Receiving Party") is known to or independently developed by the Receiving Party or is public knowledge or becomes available to the public without violation of this Order; that, after disclosure, is revealed to the public by a person having the unrestricted right to do so; or that is acquired by the Receiving Party from a third party which lawfully possesses the information and/or owes no duty of nondisclosure to the party producing the material (the "Producing Party").

The provisions of this Order also shall apply to any non-party who provides testimony, documents or information in such discovery proceedings and who agrees to be bound by the terms of this Order. Reference to a "party" or "parties" herein shall also include such non-parties.

2. Definition Of Confidential Information

For the purpose of this Order, "Confidential Information" means non-public testimony, information, documents, and data. "Confidential-Attorney's Eyes only" means non-public testimony, information, documents, and data which is reasonably considered by a party to be highly sensitive because it contains personal information or competitive business information such as trade secrets or present or future business plans. It is the intention of the parties to designate only highly sensitive information for this more restricted level of confidentiality. For

all purposes under this Order, "Confidential-Attorney's Eyes Only" material shall also be deemed to constitute Confidential Information.

3. Notice Of Designation

Any documents, material or information to be designated as "Confidential Information" or "Confidential-Attorney's Eyes Only" may be so designated either (a) by furnishing a separate written notice to the counsel for the party receiving such documents, material or information at the time of their production, which notice must specifically identify the documents or material as "Confidential" or "Confidential-Attorney's Eyes Only" or (b) by stamping the documents, material or information with the legend "Confidential" or "Confidential-Attorney's Eyes Only" prior to their production. Stamping such legend on the cover of any multi-page document shall so designate all pages of such document unless otherwise indicated by the Producing Party.

Documents to be inspected shall be treated as "Confidential-Attorney's Eyes Only" during inspection.

4. Inadvertent Failure to Designate

Failure to designate as "Confidential" or "Confidential-Attorney's Eyes Only" at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the Receiving Party upon realizing the omission. The Receiving Party shall not be in violation of this Order for any disclosure made prior to receiving notice. Following notice, the Receiving Party shall make reasonable efforts to retrieve and appropriately reclassify the previously disclosed materials.

5. Confidential Testimony

With respect to deposition testimony or trial testimony ("Testimony") that constitutes or refers to Confidential Information:

a. If the designation is made during deposition, the pages of the deposition transcript that contain Confidential Information and any Confidential Information attached as a deposition exhibit, shall be bound separately and shall bear the notation "Confidential Information - Subject To A Protective Order" or shall be otherwise appropriately marked by the parties.

b. For a period ending 30 days after the transcript becomes available to the parties' attorneys, the entire deposition transcript shall be treated as constituting "Confidential Information" or "Confidential-Attorney's Eyes Only." The designation shall be accomplished by a letter to the other party listing pages and exhibits constituting Confidential Information including the category of confidentiality. The pages of the transcript which contain Confidential Information and the numbers (but not the descriptions) of the confidential deposition exhibits shall be appropriately noted on the front of the deposition transcript and the entire transcript shall be marked as being Confidential Information. However, only those portions of the transcript and exhibits noted on the front of the transcript need to be treated as "Confidential Information," as appropriate.

6. Objection To Designation

A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential-Attorney's Eyes Only" at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with a designation of any information as "Confidential" or "Confidential- Attorney's Eyes Only," said party's counsel shall so advise the Producing Party of such objections and the reasons therefore, and the parties shall try to resolve the dispute on an informal basis. If the Producing Party objects to the proposed disclosure and the dispute cannot

be resolved, all the items shall be treated as "Confidential Attorney's Eyes Only" pending a resolution of the parties' dispute.

It shall be the obligation of the Receiving Party to obtain a prompt adjudication from the Court with respect to the propriety of the designation. In the event that the Receiving Party seeks such an adjudication, the Producing Party will cooperate in obtaining a prompt adjudication with respect thereto.

7. Disclosure Of "Confidential Information"

Documents, things, and information designated as "Confidential Information" shall not be shown, communicated, paraphrased, summarized or disclosed, in whole or in part or in any manner whatsoever, except by the prior written consent of the Producing Party or pursuant to a further Order of the Court, to anyone other than:

a. the parties' attorneys of record and the employees of such attorneys who are actively engaged in assisting counsel in this action and to whom it is necessary that the material be shown, disclosed or otherwise communicated for the purpose of this litigation.

b. independent experts and consultants not affiliated with a party who have been separately retained by the party and/or party's attorneys of record for the purpose of this action subject to the provisions of paragraphs 9 and 10 herein;

c. any officer, agent or employee of the Producing Party;

d. the authors, addressees and copy recipients (from the Producing Party) of confidential documents, including but not limited to the Producing Party's present and former employees, agents, consultants and attorneys;

e. certified court reporters taking testimony involving such confidential documents; and

f. the Court, provided that any document that contains or refers to "Confidential Information" shall be filed under seal in envelopes prominently marked with the caption of this action, the title of the document or other description identifying the material filed, and the following notation:

> THIS DOCUMENT IS FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER. IT CONTAINS CONFIDENTIAL INFORMATION AND SHALL BE OPENED ONLY AS DIRECTED BY THE PRESIDING JUDGE.

g. The plaintiff and officers or employees of defendants who are actively assisting in preparation of the action for trial.

Confidential Information which has been designated "Confidential-Attorney's Eyes Only" may be disclosed as above, except that it shall not be disclosed to any employee of the Receiving Party, except in-house counsel. Disclosure of information designated 'Confidential-Attorney's Eyes Only" to in-house counsel shall be for the sole purpose of enabling in-house counsel to participate in discussions with outside counsel regarding the litigation, and in-house counsel shall not show, communicate, paraphrase, summarize or disclose, in whole or in part or in any manner whatsoever, except by prior written consent of the Producing Party or pursuant to a further Order of the Court, any such information to any other employee of the party.

8. Use Of Confidential Information

All Confidential Information shall be used solely for the purpose of this action and not for any business or other purpose whatsoever.

9. Terms Of Disclosure For Experts And Consultants

With respect to persons referenced in paragraph 7(b), "Confidential Information" or "Confidential-Attorney's Eyes Only" information shall not be disclosed or otherwise communicated to such persons except upon the following terms:

a. prior to any disclosure such expert shall be identified in writing to the other party's counsel by name, address, area of expertise and corporate, business and other professional affiliation and employment;

b. if a party has objections to disclosure to such designated and identified experts, it must notify the other party in writing or by telephone within seven (7) days of the receipt of said written notice and may within seven (7) days after notification apply to the Court for any limitation, restriction or protective order as deemed necessary. No Confidential Information shall be disclosed or communicated in whole or in part to such expert until the expiration of said 14- day period or the adjudication of any objection, whichever is later; and

c. prior to any disclosure, each expert shall execute and deliver to counsel for the other party a Certification consistent with the provisions of paragraph 10 herein.

10. Certification Of Recipient Of Confidential Information

Before any Confidential Information is shown, disclosed or otherwise communicated to any person referenced in paragraph 7(b) such person shall be provided with a copy of this Order and such person shall execute a written Certification in the form attached hereto as Appendix A, which Certification shall, *inter alia*, acknowledge that such person (a) has received a copy of this Order, (b) is familiar with the provisions of it, (c) agrees to be bound by it, (d) agrees not to copy or to use any Confidential Information for any purpose other than in connection with the above-captioned action, and (e) agrees not to reveal any or all such confidential information to any person not authorized by this Order. A copy of the Certification, as executed by such person, shall be circulated to all counsel of record prior to disclosing such confidential information to such person.

11. Copying And Abstracting Confidential Information

Nothing in this Order shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of such information for use in connection with the above-captioned action. Such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection as the information from which they were taken. Further, a qualified recipient may convert or translate such information into machine-readable form for incorporation into a data retrieval system used in connection with the above-captioned action provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

12. Limitation On Disclosure

No person to whom Confidential Information is disclosed shall disclose such Confidential Information in any manner whatsoever to any person to whom disclosure is not authorized by the terms hereof or make any disclosure of same for any purpose whatsoever, commercial or otherwise. Each person to whom disclosure is made hereby agrees to and shall subject himself or herself to the jurisdiction of the U.S. District Court for the District of Minnesota for the purpose of contempt proceedings in the event of any violation of this Order.

13. Filing of Confidential Information

Any Confidential Information which may be referred to, included, disclosed or otherwise reproduced in any affidavit, brief, deposition transcript or other paper filed in this action or which may be used in depositions or marked as exhibits in this action shall be filed under seal with the Court and such sealing shall continue until further Order of the Court. The Confidential Information shall be submitted to the Court in a separate sealed envelope or other container which shall bear the proceeding number and name, and indication of the general nature of the

contents, and the cover page of any such paper or document shall contain the notation provided in paragraph 7(f).

14. Maintenance And Disposition Of Confidential Information

The Receiving Party shall maintain Confidential Information in a secure, safe area carefully delineated and designated "CONFIDENTIAL" and shall exercise the highest standards of due and proper care with respect to the storage, custody and use of all such materials. Any originals or copies of same (other than copies of exhibits or records filed with the Court) shall be returned to the Producing Party or be destroyed within sixty (60) days after the action is concluded (including all appeals) and shall not be retained by any other person, with the exception of materials which in the judgment of counsel in possession of such materials are work product materials, as to which those attorneys will take reasonable steps to ensure the continued protection of Confidential Information contained therein. No later than sixty (60) days after the conclusion of this action, Counsel shall certify in writing that all such Confidential Information has been properly returned, destroyed or otherwise protected in accordance with the terms hereof, and that Confidential Information has not been disclosed in violation of the Order, and that there has been full compliance with the terms of this Order.

15. Objections To Status Of Information Retained

Nothing in this Order constitutes a finding or admission that any of the Confidential Information covered hereby is in fact confidential, nor does any party receiving such materials waive any right to later contest that any of these materials is not confidential, secret and/or proprietary.

16. No Waiver Of Attorney-Client Privilege Or Work Product Doctrine

The production of any Confidential Information pursuant to this Order, shall not be asserted by any party as constituting a waiver, either in whole or in part, of any attorney-client or work product privilege which may be applicable to any materials so produced. Upon request, the Receiving Party will, within a reasonable time, return to the Producing Party any materials as to which the Producing Party notifies the Receiving Party are subject to the attorney-client privilege or work product doctrine and were inadvertently produced. The Receiving Party shall comply with such requests for return even if it disagrees with the Producing Party's privilege claim and without waiver of the Receiving Party's position on such issue.

17. Objections To Admission Retained

Nothing in this Order shall prevent any party receiving materials and/or information which may be designated as "Confidential" or "Confidential-Attorney's Eyes Only" from raising objections on any ground whatsoever to the admission of such materials and/or information in proceedings before the Court.

18. Amendment Of The Order

This Order may be amended by agreement of the parties' attorneys in the form of a written stipulation filed with the Court.

19. The Court Retains Jurisdiction To Modify Order

Jurisdiction is to be retained by the Court for the purposes on enabling any party hereby to make application at any time for such other or further orders and directions concerning either (a) the subject matter of this Order, or (b) a request for more or less restrictive provisions with regard to any particular materials as may be deemed necessary or appropriate. Any such application shall be made upon proper notice to all parties. This Order shall remain in force and

effect until modified, superseded or terminated by consent of the parties or by Order of the Court.

20. Survival Of Terms

The terms and provisions of this Order shall not terminate at the conclusion of this action but rather shall survive the conclusion thereof and shall continue to be binding upon all the parties herein and their directors, officers, agents, employees and counsel, until modified, terminated or superseded by consent of the parties or by Order of the Court.

STIPULATED TO BY:

DATED: 8/30/01

By [signature]
Joseph R. DeMaster
Susan F. Evans
Drinker, Biddle & Reath
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

Kevin J. Kennedy
Hanson, Lulic & Krall
920 Second Avenue South
Suite 500
Minneapolis, MN. 55402
(612) 333-2530

Attorneys for Plaintiff
E. NEIL MOORE

DATED: Aug. 13, 2001

By [signature]
Floyd R. Nation
Howrey Simon Arnold & White, LLP
750 Bering Drive
Houston, Texas 77057
(713) 787-1661

Charles F. Webber (#215247)
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN. 55402-3901
(612) 336-3000

Attorneys for Defendants
GUIDANT CORPORATION AND
CARDIAC PACEMAKERS, INC.

By [signature] - September 6, 2001
United States District Judge
Ann D. Montgomery



H: 443321(9S2H01!.DOC)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| E. NEIL MOORE,<br><br>PLAINTIFF,<br>V.<br><br>GUIDANT CORPORATION AND CARDIAC PACEMAKERS, INC.,<br><br>DEFENDANTS. | CIVIL ACTION NO. 01-368 ADM/AJB |

APPENDIX A

CERTIFICATION Of ____________________

I, ________________ being duly sworn, state that:

1. My address is _______

2. My employer is ____________

3. My present occupation or job description is ________________

4. I have received and reviewed a copy of the Stipulation and Protective Order in the above-captioned matter which was signed on behalf of the U.S. District Court for the District of Minnesota on ___________________

5. I have carefully read and understand the provision of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will not copy or use any confidential information for any purpose other than in connection with the above-captioned action.

8. I will hold in confidence and will not disclose to anyone not authorized by the Protective Order, any confidential matter or any works, substance, summaries, abstracts or indices of confidential information disclosed to me.

9. I will return all confidential information and summaries, abstracts and indices thereof, and copies thereof, to counsel for the party by whom I am employed or retained.

10. I hereby submit to the jurisdiction of the U.S. District Court for the District of Minnesota for the purpose of enforcement of the Protective Order in the above-captioned matter.

STATE OF __________

COUNTY OF __________

Subscribed and sworn to before me on this _____ day of _______________.

Notary Public

My commission expires on



H: 443321(9$2H01!.DOC)

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500